1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HUGH E. STANCIL, | ) | 1:11-cv-922 GSA |
| | ) | |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT WITH |
| | ) | LEAVE TO AMEND (Doc. 1) |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**I.      Introduction**

Plaintiff Hugh E. Stancil,  ("Plaintiff") filed the instant action on June 8, 2011. (Doc. 1).
Plaintiff also filed an application to proceed in forma pauperis on that same date.  Plaintiff's
application to proceed informa pauperis was granted on June 13, 2011.  (Doc. 3).

Plaintiff appears to be challenging a reduction of his Medicaid benefits.  As discussed
below, Plaintiff's Complaint will be dismissed because it fails to state a claim.  However,
Plaintiff is granted leave to file an amended complaint.

**II.      Discussion**

A.      <u>Screening Standard</u>

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the
complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof
if the court determines that the action is legally "frivolous or malicious," fails to state a claim

1

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusion are not.  Id.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.    Plaintiff's Allegations

Plaintiff's complaint is confusing.  However, it appears that Plaintiff is challenging a reduction of his Medicare benefits.  Specifically, Plaintiff alleges that he was receiving $845.00 per month in Social Security Insurance ("SSI") payments since 2006 due to his glaucoma.  He was denied additional Social Security benefits initially, but was subsequently awarded benefits of

1   $228.00 per month beginning February 2010.[1]  As a result, Plaintiff contends that his Medicare

2   benefits were reduced and he is contesting this reduction.[2]  Plaintiff is seeking $10,000.00 and a

3   reinstatement of his Medicaid benefits forthwith.  Plaintiff has named Mr. Astrue, the

4   Commissioner of the Social Security Administration as the Defendant.

5   C.      Analysis of Plaintiff's Claims

6          1.      *Rule 8(a)*

7          As Rule 8(a) states, a complaint must contain "a short and plain statement of the claim."

8   The rule expresses the principle of notice-pleading, whereby the pleader need only give the

9   opposing party fair notice of a claim.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Rule 8(a)

10  does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial,

11  but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and

12  the grounds upon which it rests."  *Id.* at 47.  As noted above, detailed factual allegations are not

13  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

14  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (2009).

15         In this case, the complaint is not clear regarding the basis of Plaintiff's claim.

16  Specifically, it is unclear whether Plaintiff is contesting the amount he was awarded in Social

17  Security benefits, or whether he is contesting a reduction in his Medicare benefits.   Furthermore,

18  Plaintiff has done nothing more than state a legal conclusion that his Medicare benefits were

19  unjustly reduced without providing sufficient details to support his claims.  Plaintiff is advised

20  that conclusory statements alone are not sufficient to state a cause of action.  Because of the lack

21  of clarity of Plaintiff's complaint, the Court will provide Plaintiff with some general guidelines

22  and law that may apply to his claim.  Plaintiff is to amend his complaint only if he believes in

23  good faith that he has exhausted the appropriate administrative remedies and can properly state of

24  cause of action

25  ///

26  _____

27  [1] Plaintiff's complaint indicates he is receiving "SSA" but it appears Plaintiff may be referring to Social
Security Disability Insurance (SSDI).

28  [2] It is not clear how much his benefits were reduced or what specific benefits Plaintiff is referring to.

2.      *Timeliness of the Appeal*

Judicial review of the Commissioner's administrative decisions is governed by Section 405(g) and (h) of the Social Security Act, which reads in relevant part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing.  No findings of facts or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided.   No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.
> 42 U.S.C. § 405(g).

Section 405(g) and (h) therefore operates as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner.  *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987).  Because the time limit set forth in 42 U.S.C. § 405(g) is a condition on the waiver of sovereign immunity it must be strictly construed.  *Bowen v. City of New York*, 476 U.S. at 479. *See, e.g., Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming summary judgment in favor of commissioner for untimely filing of one day).  "The limitations to final decisions and to a sixty-day filing period serve to compress the time for judicial review and to limit judicial review to the original decision denying benefits, thereby forestalling repetitive or belated litigation of stale eligibility claims."  *Anderson v. Astrue*, 2008 WL 4506606 *3 (E.D.Cal. Oct. 7, 2008) (Snyder, J).

Here, it appears that Plaintiff has been receiving SSI benefits since 2006, and he was recently awarded benefits additional benefits in February 2010.  He does not allege that his social security benefits were denied, and it is unclear whether he is challenging the amount of his social security benefits at all.  If Plaintiff's intent was to challenge his award by the Social Security Administration, he had sixty days to file an appeal with the Appeals Council.  20 CFR §§ 404.967 and  404.968.  When the Appeals Council reviews the case, it will either affirm, modify, or reject the ALJ's recommendation.  20 CFR § 404.979.   It may also remand the case.  20 CFR §

1  404.977.  The Appeals Council's decision is binding unless a party files an action in federal

2  district court within sixty days of the Appeals Council's decision.[3]  20 CFR §§ 422.210  and

3  404.981.  Therefore, prior to filing an appeal regarding his Social Security benefits in federal

4  court, Plaintiff must establish that an appeal with the Appeals Council was filed.   Any complaint

5  filed in federal district court must be filed within sixty days of the Appeals Council's decision.

6  Plaintiff has failed to demonstrate that this was done in this instance.  Any amended complaint

7  regarding Plaintiff's Social Security benefits must have been filed with the Social Security

8  Appeals Council and he must establish that the case is timely filed before this Court.

9       **3.**     *The Medicare Act*

10       Title XVIII of the Social Security Act of 1935, commonly referred to as the Medicare Act,

11  "establishe[d] a federally subsidized health insurance program for elderly and disabled persons."

12  Ass'n of Am. Med. Colls. v. United States, 217 F.3d 770, 774 (9th Cir.2000) (citing 42 U.S.C. §

13  1395). While Part A of the Medicare Act covers institutional health costs, such as hospital

14  expenses (e.g., room, board, nursing, residents' salaries, and other inpatient care costs), see 42

15  U.S.C. §§ 1395c-1395i-2, Part B covers medical services provided directly to individuals on a

16  fee-for-service basis such as physician services, medical supplies, and diagnostic/laboratory tests.

17  See 42 U.S.C. §§ 1395j-1395w. Coverage and payment for services rendered to beneficiaries is

18  administered by the Secretary through the Health Care Financing Administration ("HCFA"). For

19  Medicare Part B claims, the HCFA contracts with approximately 34 private insurance companies

20  nationwide ("Carriers") to process claims and to perform payment safeguard functions. See 42

21  U.S.C. § 1395u.  Medicare programs are administered by the Department of Health and Human

22  Services through the Centers for Medicare and Medicaid Services and the latter contracts with

23  private contractors to administer payments and make coverage determinations for Medicare and

24  Medicaid beneficiaries. 42 U.S.C. §§ 1395h, 1395u(a).

25       An individual dissatisfied with a decisions regarding Medicare benefits in some instances

26  are entitled to administrative review at several levels and may be entitled to judicial review of the

27

28      [3]  Indeed, it appears Plaintiff was advised that failure to timely file an appeal with the Appeals Council, would waive his right to appeal in federal court.  (Doc. 1 at pg. 2).

1   Secretary's final decision. 42 U .S.C. §§ 1395ff(b)(1), 1395w–22(g)(5).  Judicial review, however,

2   is contingent upon a final decision, which incorporates two elements: (1) presentment of a claim

3   to the Secretary and (2) exhaustion of administrative remedies. *Heckler v. Ringer*, 466 U.S. 602,

4   615–17, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984); Mathews, 424 U.S. at 328–30; *Weinberger v.*

5   *Salfi*, 422 U.S. 749, 763–64, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); *Kaiser v. Blue Cross of Calif.*,

6   347 F.3d 1107, 1115–16 (9th Cir.2003); *Linoz v. Heckler*, 800 F.2d 871, 876 n. 5 (9th Cir.1986).

7           Here, plaintiff's complaint does not allege that he presented any claim to the Secretary of

8   the Department of Health and Human Services, or that he exhausted his administrative remedies.

9   In fact, it is unclear exactly what benefits Plaintiff is contesting and what serves as the basis for

10  his claim.  As such, the Court will allow Plaintiff the opportunity to amend his complaint to more

11  thoroughly explain his claim and the legal authority in support of his contentions. Any amended

12  complaint shall include what appeal process Plaintiff has filed with the administrative agency to

13  resolve his claim.

14          ***3.      Leave to Amend the Complaint***

15          Although Plaintiff's complaint contains deficiencies as outlined above, the court will

16  allow Plaintiff an opportunity to amend the complaint.  If Plaintiff decides to file an amended

17  complaint, he is reminded that an amended complaint supercedes the original complaint, *Forsyth*

18  *v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Ativeh*, 814 F.2d 565, 567 (9th Cir.

19  1987), and must be "complete in itself without reference to the prior or superceded pleading."

20  Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint

21  which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567 (citing to

22  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord *Forsyth*, 114 F.3d at

23  1474.

24  **III.    Conclusion**

25          For the above reasons, the Complaint is DISMISSED WITH LEAVE TO AMEND.

26  Plaintiff's amended complaint is due within thirty (30) days of the date of this order.  **If Plaintiff**

27  **fails to file an amended complaint, the action will be dismissed for failure to follow a court**

28  **order**.

Also, Plaintiff is advised that the Clerk's Office sent him a form requesting that he provide the Court with information regarding the service of his complaint and that he complete USM-285 forms . (Doc. 5).   Plaintiff shall not fill out these forms until the issue of whether he has a cognizable claim is resolved.  If Plaintiff's amended complaint is deemed to state a claim, this Court will provide Plaintiff with additional information about how an amended complaint will be served on the defendant, and will advise Plaintiff which forms he must complete in order for his claim to proceed.

IT IS SO ORDERED.

**Dated:** __**July 7, 2011**__          _____**/s/ Gary S. Austin**_____
                                                  UNITED STATES MAGISTRATE JUDGE