# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGH E. STANCIL,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | 1:11-cv-000922 GSA AWI<br><br><br>FINDINGS AND RECOMMENDATIONS DISMISSING PLAINTIFF'S COMPLAINT |

## INTRODUCTION

Plaintiff, Hugh E. Stancil ("Plaintiff"), proceeding pro se, filed the instant action on June 8, 2011. (Doc. 1). Although it was unclear from the complaint, Plaintiff appeared to be challenging a reduction of his Medicare benefits and/or his Social Security benefits. The Court screened Plaintiff's complaint and issued an order dismissing the complaint with leave to amend on July 7, 2011. (Doc. 7). In the order, the Court specifically advised Plaintiff that his claims needed to be clearly defined and any amended complaint needed to include proof that he had exhausted his administrative remedies. After granting a request for an extension of time,

1

Plaintiff was ordered to file an amended complaint no later than September 12, 2011.[1] (Doc. 9).

On September 8, 2011, Plaintiff filed a form entitled "Request for Reconsideration" which appears to be a form issued by the Social Security Administration . (Doc. 12). There is no date on the form indicating when it was signed, or whether it was in fact filed with the Social Security Administration. Based on the filing of this document, Plaintiff appears to be challenging the amount of his Social Security benefits. As previously explained to Plaintiff, exhaustion of administrative remedies in a Social Security case requires that he appear for a hearing before an Administrative Law Judge and that he file an appeal with the Appeals Council. 20 C.F.R. §§ 404.967 and 404.968. Based on Plaintiff's filing, it appears that this procedure was not followed and he has failed to exhausted his administrative remedies. Moreover, to date, Plaintiff has not filed an amended complaint as directed. As such, this Court will recommend that Plaintiff's complaint be dismissed for failure to follow a Court order.

## DISCUSSION

Local Rule 11-110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439,

---

[1] Plaintiff was also ordered to return consent forms indicating whether or not he consented to magistrate judge jurisdiction. Plaintiff returned the form, however, he indicated that he both consented and declined magistrate judge jurisdiction. (Doc. 11). Because of this ambiguity, a district court judge was assigned to the case and dismissal of this action will be completed via Findings and Recommendations.

1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprized of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).  In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61;  Malone, 833 F.2d at 130;  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because it appears Plaintiff is unable to state a claim.  Even if he files an amended complaint, it appears that he has not exhausted his administrative remedies as outlined in this Court order dated July 7, 2011.  The third factor, risk of prejudice to defendant, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's order requiring Plaintiff to file an amended complaint was clear that dismissal would result from non-compliance with the Court's order. (Doc. 7 at pg. 6).

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for

1  Plaintiff's failure to comply with a court order.

2      This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii,
3  United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B).
4  Within thirty (30) days after being served with a copy, Plaintiff may file written objections with
5  the Court. This document should be captioned "Objections to Magistrate Judge's Findings and
6  Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to
7  28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified
8  time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
9  (9th Cir. 1991).

10

11      IT IS SO ORDERED.

12    **Dated:   September 21, 2011**              /s/ **Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE